## BIRDSALL v. BIRDSALL.

APPEAL—DECREE ON CONFLICTING TESTIMONY.

Where a chancery case turned entirely upon the credibility of the witnesses for the respective parties, whose proofs were in direct conflict, the finding of the circuit judge, who saw and heard the witnesses, was not disturbed.

Appeal from Kent; Grove, J. Submitted October 20, 1898. Decided December 6, 1898.

Bill by William H. Birdsall against Selina Birdsall for the specific performance of a parol contract for a lease of land. From a decree dismissing the bill, and granting defendant affirmative relief upon her answer in the nature of a cross-bill, complainant appeals. Affirmed.

William Birdsall died, testate, February 22, 1891, leaving a widow, the defendant, and five sons, including the complainant. He had made advances to all his sons, and, by his will, bequeathed the personal property to his wife, and the land, a farm of 80 acres, to her in trust, to have the use, income, and profit thereof for life; and also giving her the power to sell it if necessary for her support, and use the proceeds for that purpose. At her death, the farm, or, if sold, all the proceeds thereof unused, was to be divided among his five sons, in equal parts, except as to one, who, on account of the advancement to him, was to receive $1,000 less than each of the others. Previous to his death, he had leased the farm for two years to complainant, at a rental of $300 per year. After his death, and on April 1, 1891, defendant executed a new lease to complainant for three years for the same rental, on which he was to be allowed three dollars a week for his mother's support. Complainant alleges that he was running behind, and in 1893 informed defendant that he

should leave the farm, and that thereupon he made with her the agreement which he now seeks to enforce. This agreement is set forth in the bill of complaint in the following language:

"Said Selina Birdsall proposed to your orator that he try the experiment of raising fruit upon a portion of said farm, and did then and there orally agree with your orator that in case he would remain on said farm, and renew his said lease, and would buy, pay for, plant, and care for, until their bearing period was reached, such a quantity of peach, pear, and cherry trees as he, your orator, saw fit to, that the same might be set out on the said farm, and should belong to, and be the absolute property of, your orator, and that she would renew her said lease to your orator from time to time during her natural life, for the same rental and on the same terms as the first lease so made from her to him as aforesaid, and that upon her death the said orchard should be the property of your orator."

Complainant alleges that he performed the agreement, and set out some 982 fruit trees, which cost $166, and took care of them until he was ejected from the premises, in 1897. He alleges that this agreement was made in the fall of 1893.

The defendant answered, denying all the material allegations of the bill, except that she ordered herself 100 cherry trees to be delivered in the spring of 1894, and asserts that she objected to the planting of the peach and pear trees.

Proofs were taken in open court, and the learned circuit judge found the facts and entered a decree as follows:

"That the complainant did, in the spring of 1894 and spring of 1895, set out upon the land of said defendant, Selina Birdsall, described in the bill of complaint filed herein, a cherry, peach, and pear orchard, of which there are now living and growing upon said premises 158 pear, 105 cherry, and 667 peach trees, of which peach trees 420 were set out in the spring of 1894, and 247 in the spring of 1895; that the value of said orchard is from $600 to $1,000; that in the spring of 1893 there were some peach trees heeled in upon the premises of said defendant, which

said defendant supposed said complainant intended to set out upon her said place, and that, so supposing, she did at that time serve written notice upon said complainant, forbidding him from setting out said peach trees upon her said premises, and that the said complainant did thereafter set the same out upon a farm of his own, in the town of Walker, and disclaimed having any intention of setting the same out upon the premises of said defendant; that in the fall of 1893 the said defendant, at the suggestion of a fruit-tree agent, who was then at her house, ordered 100 cherry trees, to be delivered in the spring of 1894, and that at the same time, but without the knowledge of said defendant, said complainant ordered the said pear trees and the greater part of the said peach trees, and said trees, including said cherry trees, were delivered to said complainant in the spring of 1894, and were brought by him to the premises of said defendant, and there heeled in, and the said complainant thereupon commenced to plow and prepare the ground for the setting of said trees; that the first notice or knowledge that said defendant had of the purchase of said trees by said complainant was when they were so heeled in, and the first notice or knowledge that said defendant had that said complainant intended to set said trees, other than said cherry trees, upon her said premises, was when he began to plow and prepare the ground therefor; that she at that time, and before he had set any of said trees, inquired of him, and was informed by him that he was going to set said peach and pear trees upon her land, and she thereupon forbade him from so doing, and told him not to do so; that he at the same time asked her to sign a paper saying the trees should be his, which she refused to do, and informed him, if he set them on her land, he did so at his own risk; that complainant proceeded to set said orchard, without the consent of said defendant; and that again, in December, 1894, the defendant, hearing that said complainant intended to set more trees upon her said premises, served another written notice upon him, forbidding him from so doing, and, after receiving such notice, complainant proceeded to set other and additional trees in said orchard, to the number of about 250 peach; and that defendant has never given her consent to the setting of any of the trees in the orchard claimed by complainant herein, except the said 100 cherry trees, which defendant did not have the money to pay for at the time they were delivered, and requested complain-

ant to pay for the same, he being indebted to her at that time, and she expecting to apply the amount paid therefor, namely, $30, upon said indebtedness, and is still willing so to do. I further find that the said complainant is indebted to the said defendant upon various notes to the sum of $500 or thereabouts, not including the rent from the 1st of April, 1897.

"The principal reason that said defendant objected to the setting of said trees was that she expected that after her death the premises would go, in accordance with her husband's will, to her five sons, and she feared, if the orchard was set upon the premises, that it might lead to disagreement and difficulty, and possibly to litigation, between her sons after her death.

"It is therefore hereby ordered, adjudged, and decreed that the complainant's bill be, and the same is hereby, dismissed, with costs to said defendant to be taxed. And the said defendant, Selina Birdsall, having prayed affirmative relief in her answer in the nature of a cross-bill filed herein, and due consideration thereof having been had, it is further ordered, adjudged, and decreed that the said defendant, Selina Birdsall, is entitled to the possession of the premises described in said bill of complaint, and that the said complainant restore to the said defendant, Selina Birdsall, the possession of the same upon her demand, and, in case of failure so to do upon demand, that a writ of restitution of the possession of said premises be issued from this court, in favor of said defendant, Selina Birdsall, and against said complainant, upon proper application being made therefor; provided, that, at her option, said defendant, Selina Birdsall, may institute summary proceedings to recover the possession of said premises, the same as though the writ of restitution had not been decreed herein."

*Everett D. Comstock* (*Birney Hoyt* and *S. D. Clay*, of counsel), for complainant.

*Walker & Fitzgerald*, for defendant.

GRANT, C. J. (*after stating the facts*). After the date of this alleged agreement, complainant asked defendant for a lease for six years. She refused, and on April 10, 1894, made a new lease for three years. This

lease is in the usual form, and contains no reference whatever to the alleged agreement. It provided that the death of the defendant should terminate the lease. She was then over 70 years of age, and testified that she did not anticipate that she should live long, and feared that the planting of the orchard would make trouble among her sons. We find it unnecessary to determine whether the proofs on the part of the complainant show a definite, complete, and certain contract, capable of enforcement. The proofs of the respective parties are in direct conflict, and the conclusion reached by the circuit judge depends upon the credibility to be given to the witnesses. The circuit judge saw them, heard their testimony, and made a finding of facts. There was ample evidence on the part of the defendant to sustain the finding. We see no reason to discredit the conclusion reached by the circuit judge. A detail of the evidence would be profitless, and would neither serve any good purpose nor form any precedent in other cases. We think the judge reached the correct conclusion, and the decree is affirmed, with costs.

The other Justices concurred.